UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISON

**DIANNE CO,**

    **Plaintiff,**                           **CASE NO.:**

**vs.**

**FIRSTSERVICE RESIDENTIAL FLORIDA, INC.,**

    **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff, DIANNE CO, by and through undersigned counsel, hereby sues the Defendant, FIRSTSERVICE RESIDENTIAL FLORIDA, INC., and in support thereof respectfully, alleges the following:

1. Plaintiff alleges violations of the Federal Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq.* ("FCCPA").

### JURISDICTION AND VENUE

2. This Court has jurisdiction over the Plaintiff's claims pursuant to 15 U.S.C. § 1692k.

3. Further, subject matter jurisdiction, federal question jurisdiction, and venue for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

4. The state claims under the FCCPA are conferred supplemental jurisdiction pursuant to 28 U.S. Code § 1367(a), as they arose from the same actions by Defendant in this case and are related to Plaintiff's FDCPA claims.

1

5. Venue is proper in this District because the Plaintiff resides in this District (Broward County), the phone calls were received in this District and the Defendant transacts business in Broward County, Florida.

## FACTUAL ALLEGATIONS

6. Plaintiff DIANNE CO is a natural person, and citizen of the State of Florida, residing in Broward County, Florida, and resides in this District.

7. Plaintiff DIANNE CO is a "consumer" as defined in Fla. Stat. § 559.55(2).

8. Plaintiff DIANNE CO is an "alleged debtor."

9. Defendant, FIRSTSERVICE RESIDENTIAL FLORIDA, INC., is a corporation created under the laws of Florida operating from 2950 North 28th Terrace, Hollywood, FL 33020, is a "creditor."

10. The conduct of Defendant which gives rise to the cause of action herein alleged occurred in this District, Broward County, Florida, by the Defendant's improper attempts to collect on a debt in Broward County, Florida.

11. Defendant, at all material times, was attempting to collect on home owners association ("HOA") fees that had already been properly paid by Plaintiff, but which Defendant had lost.

12. Plaintiff lives in a community in Broward County, Florida managed by First Service Residential – pays 2 associations quarterly, Towngate Master HOA (a/k/a/ Park Crossing Homeowner's Association, Inc.) ("HOA").

13. Per her agreement with the HOA, Plaintiff was to pay $265.00 in maintenance fees per quarter to the Towngate Master Homeowner's Association.

14. On January 23, 2018, Plaintiff sent via certified mail a nonrefundable Western Union

15. Money Order for $265.00 (the "Money Order"). The proof of certified mailing and money order are attached as *Exhibit A* to this Complaint.

16. On January 25, 2018, the Money Order was delivered to the Defendant's offices. *See Exhibit B*, proof of delivery.

17. At some point following this delivery to the Defendant, the Money Order was lost.

18. The Defendant then began demanding that Plaintiff pay the same $265.00 debt, plus late fees and collection costs. *See Exhibit C, collection letter*.

19. Defendant also began sending collection letters listing the above amounts, charging her for the letters sent. *See Exhibit C*.

20. Plaintiff attempted to explain to Defendant's agents that she did not owe the debt, but Defendant has continued to attempt to collect it.

21. Not only did Plaintiff explain that she had already paid the debt, but she also provided documentation showing the certified mailing, money order tracking, and delivery proof for the paid fees.

## COUNT I

### (Violation of the FCCPA)

21. Plaintiff re-alleges and fully incorporates paragraphs one (1) through twenty (20) above as if fully stated herein.

22. At all times relevant to this action, Defendant is subject to and must abide by the law of the State of Florida, including, without limitation, Fla. Stat. § 559.72.

23. By refusing to stop attempting to collect on an improper debt after being on repeated notice that this debt had already been paid, Defendant violated Fla. Stat. § 559.72:

3

    a. "Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist," Fla. Stat. § 559.72(9); and

    b. "[W]illfully engaging in conduct with such frequency as can reasonably be expected to harass the debtor," Fla. Stat. § 559.72(7).

24. There is no basis for Defendant to continue to demand payment of the HOA fees that had already been paid with proof from Plaintiff.

25. Defendant has actively ignored Plaintiff's proof of payment and has charged *further* late fees and collection expenses on the payment Plaintiff already made.

26. Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Fla. Stat. § 559.77.

27. As a result of Defendant's violations of the FCCPA, Plaintiff is entitled to actual damages, statutory damages (up to $1000.00), and reasonable attorney's fees and costs pursuant to Fla. Stat. § 559.77.

28. Additionally, § 559.77 provides a court may award punitive damages as well as equitable relief to Plaintiff such as enjoining further illegal collection activity.

**WHEREFORE**, Plaintiff, DIANNE CO, respectfully demands a trial by jury on all issues so triable and judgment against Defendant, FIRSTSERVICE RESIDENTIAL FLORIDA, INC., for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

## COUNT II

### (Violation of the FDCPA)

29. Plaintiff DIANNE CO incorporates by reference paragraphs one (1) through twenty (20) of this Complaint as though fully stated herein.

30. The Defendant is a debt collector as defined by the Fair Debt Collection Practices Act (FDCPA). § 15 USC 1692 803(6). The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

31. The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to 15 U.S.C. § 1692e(2)(A) (The false representation of—the character, amount, or legal status of any debt); 15 U.S.C. 1692e(5) (The threat to take any action that cannot legally be taken or that is not intended to be taken); and 15 U.S.C. § 1692d (Any conduct the natural consequence of which is to harass, oppress, or abuse any person).

32. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A): and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant.

**WHEREFORE**, Plaintiff DIANNE CO respectfully demands judgment against Defendant, FIRSTSERVICE RESIDENTIAL FLORIDA, INC., for statutory damages, actual damages, treble damages, punitive damages, costs, fees, interest, and any other such relief the court may deem just and proper.

## **TRIAL BY JURY**

Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.

    Dated this 22nd of June, 2018.

    **MAX HUNTER STORY, P.A.**

    __/s/ Max Story__
Max Story, Esquire
Florida Bar No. 0527238
Austin J. Griffin, Esq.
Florida Bar No. 0117740
328 2ND Avenue North
Jacksonville Beach, Florida  32250
Telephone: (904) 372-4109
Fax: (904) 758-5333
max@storylawgroup.com
austin@storylawgroup.com
Attorneys for Plaintiff