CASE No. 18-61520-Civ-COOKE/HUNT

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No. 18-61520-Civ-COOKE/HUNT

DIANNE CO,

    Plaintiff,
v.

FIRSTSERVICE RESIDENTIAL
FLORIDA, INC.,

    Defendant.
_____/

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant, FIRSTSERVICE RESIDENTIAL FLORIDA, INC. (hereinafter, "FirstService"), by and through undersigned counsel, and pursuant to Rule 8 of the Federal Rules of Civil Procedure, hereby moves this court for summary judgment on all of Plaintiff, DIANNE CO's (hereinafter "Plaintiff") claims. FirstService respectfully submits that there is no genuine dispute as to any material fact and that it is entitled to judgment as a matter of law. The grounds for this motion are set forth fully in the following Memorandum of Law:

1. FirstService admits that Plaintiff alleges violations of the Federal Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq.* ("FCCPA"). However, FirstService denies any and all allegations that it violated the FDCPA and the FCCPA.

### JURISDICTION AND VENUE

2. FirstService admits Paragraph 2 for jurisdictional purposes only.

3. FirstService admits Paragraph 3 for jurisdictional purposes only.

4. FirstService admits Paragraph 4 for jurisdictional purposes only.

5. FirstService admits Paragraph 5 for jurisdictional purposes only.

## FACTUAL ALLEGATIONS

6. FirstService admits Paragraph 6 for jurisdictional purposes only.

7. Paragraph 7 does not require an answer because it asserts a legal conclusion. To the extent that any answer is required, FirstService denies Paragraph 7.

8. Paragraph 8 does not require an answer because it asserts a legal conclusion. To the extent that any answer is required, FirstService denies Paragraph 8.

9. FirstService denies Paragraph 9.

10. FirstService denies Paragraph 10.

11. FirstService denies Paragraph 11.

12. FirstService admits that Plaintiff lives in a community in Broward County, Florida managed by FirstService and that Plaintiff pays two (2) quarterly maintenance fees – one to Towngate at Pembroke Pines Master Association, Inc. and another to the Park Crossing Homeowner's Association, Inc. sub-association.

13. FirstService admits Paragraph 13.

14. FirstService denies Paragraph No. 14 for lack of knowledge or information sufficient to form a belief with regard to the truth of the allegations contained and demands strict proof thereof.

15. FirstService denies Paragraph No. 15 for lack of knowledge or information sufficient to form a belief with regard to the truth of the allegations contained and demands strict proof thereof.

WINGET SPADAFORA SCHWARTZBERG LLP
14 NE 1ST AVENUE, • SUITE 600 • MIAMI, FLORIDA 33132
TELEPHONE (305) 830-0600 • FACSIMILE (305) 830-0601

2

16. FirstService denies Paragraph No. 16 for lack of knowledge or information sufficient to form a belief with regard to the truth of the allegations contained and demands strict proof thereof.

17. FirstService admits that it sent a reminder notice to Plaintiff regarding an outstanding balance on Plaintiff's account. FirstService denies all remaining allegations of Paragraph 17 for lack of knowledge or information sufficient to form a belief with regard of the truth of the allegations contained and demands strict proof thereof.

18. FirstService admits that it sent a reminder notice to Plaintiff regarding an outstanding balance on Plaintiff's account. FirstService denies all remaining allegations of Paragraph 18 for lack of knowledge or information sufficient to form a belief with regard of the truth of the allegations contained and demands strict proof thereof.

19. FirstService admits that it sent a reminder notice to Plaintiff regarding an outstanding balance on Plaintiff's account. FirstService denies all remaining allegations of Paragraph 19 for lack of knowledge or information sufficient to form a belief with regard of the truth of the allegations contained and demands strict proof thereof.

20. FirstService admits that it sent a reminder notice to Plaintiff regarding an outstanding balance on Plaintiff's account. FirstService denies all remaining allegations of Paragraph 20 for lack of knowledge or information sufficient to form a belief with regard of the truth of the allegations contained and demands strict proof thereof.

**COUNT I**

**(Violation of the FCCPA)**

21. FirstService reasserts and re-avers its answers in paragraphs 1 through 20 as if specifically stated herein.

22. Paragraph 22 does not require an answer because it asserts a legal conclusion. To the extent that any answer is required, FirstService denies Paragraph 22.

23. FirstService denies Paragraph 23 in its entirety including Paragraph 23a and Paragraph 23b.

24. FirstService denies Paragraph 24.

25. FirstService denies Paragraph 25.

26. FirstService denies Paragraph 26.

27. FirstService denies Paragraph 27.

28. FirstService denies Paragraph 28.

## COUNT II

### (Violation of the FDCPA)

29. FirstService reasserts and re-avers its answers in paragraphs 1 through 20 as if specifically stated herein.

30. FirstService denies Paragraph No. 30 for lack of knowledge or information sufficient to form a belief with regard to the truth of the allegations contained and demands strict proof thereof.

31. FirstService denies Paragraph 31.

32. FirstService denies Paragraph 32.

**WHEREFORE**, Defendant, FirstService Residential Florida, Inc. respectfully requests that this Court deny all relief sought in Plaintiff's Complaint; that the Complaint be dismissed in its entirety with prejudice; that the Plaintiff pay Defendant's reasonable cost of suit and attorneys' fees; and that this Court grant Defendant all other and further relief to which he may be entitled.

WINGET SPADAFORA SCHWARTZBERG LLP
14 NE 1ST AVENUE, • SUITE 600 • MIAMI, FLORIDA 33132
TELEPHONE (305) 830-0600 • FACSIMILE (305) 830-0601

4

**CASE No. 18-61520-Civ-COOKE/HUNT**

## GENERAL DENIAL

Defendant, FirstService Residential Florida, Inc., denies all allegations and inferences alleged in Plaintiff's Complaint that are not expressly admitted.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint and each cause of action alleged therein fails to state a claim upon which relief can be granted. Specifically, the facts alleged by Plaintiff do not amount to any violation of the FDCPA or the FCCPA by FirstService.

### SECOND AFFIRMATIVE DEFENSE

FirstService affirmatively alleges that at all times material hereto, it acted within its respective contractual and/or statutory rights, and pursuant to state and federal law. Specifically, FirstService sent a reminder notice to Plaintiff regarding an outstanding balance on Plaintiff's account and subsequently waived all late fees associated with Plaintiff's account upon verification of payment of Plaintiff's maintenance fees.

### THIRD AFFIRMATIVE DEFENSE

FirstService affirmatively alleges that, upon information and belief, Plaintiff failed to mitigate their damages by failing to take reasonable steps to minimize or prevent the damages Plaintiff alleges. Specifically, the Money Order remains uncashed as Plaintiff failed to request a replacement or cancel the Money Order with Western Union.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims against FirstService are barred by the doctrines of waiver and/or unclean hands. Specifically, Plaintiff made a payment to satisfy the outstanding balance on her account in May 2018 and as a result all late fees were waived. Moreover, Plaintiff impliedly

acknowledged the debt by making a payment to satisfy the outstanding balance on her account in May 2018.

### FIFTH AFFIRMATIVE DEFENSE

The claims averred by Plaintiff are barred by the statute of limitations pursuant to Florida law.

### SIXTH AFFIRMATIVE DEFENSE

The claims averred by Plaintiff are barred by the equitable doctrine of laches and that Plaintiff is estopped from bringing its causes of action against FirstService.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent that any violation of the FDCPA, which FirstService denies, was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

### EIGHTH AFFIRMATIVE DEFENSE

Under applicable law, FirstService hereby notifies Plaintiff that it will seek costs and an award of attorney's fees in having to defend this litigation.

FirstService reserves the right to amend its Answers and Affirmative Defenses to assert additional defenses relating to the Complaint. Any allegation not specifically admitted is hereby denied in its entirety.

Dated: August 15, 2018

**CASE No. 18-61520-Civ-COOKE/HUNT**

Respectfully Submitted,

    /s/ Ronnie Guillen
RONNIE GUILLEN, ESQ.
Florida Bar No. 842001
Guillen.r@wssllp.com
ILAN A. KAIRY, ESQ.
Florida Bar No. 120561
Kairy.i@wssllp.com
WINGET, SPADAFORA &
SCHWARTZBERG, LLP
14 NE 1st Avenue
Suite 600
Miami, Florida 33132
Telephone: (305) 830-0600
Facsimile: (305) 830-0601
*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served by CM/ECF on August 15, 2018, on all counsel or parties of record on the Service List below:

By:   /s/ Ronnie Guillen
      RONNIE GUILLEN, ESQ.

**SERVICE LIST**

Max Story, Esq.
Florida Bar No.: 0522738
Austin J. Griffin, Esq.
Florida Bar no. 0117740
MAX HUNTER STORY, P.A.
328 2nd Avenue North
Jacksonville Beach, Florida 32250
Telephone: (904) 372-4109
Fax: (904) 758-5333
max@storylawgroup.com
austin@storylawgroup.com
*Attorneys for Plaintiff*